Richard N. Koehler II
Ohio Bar No. 0031407
(Motion to appear Pro Hac Vice pending)
Koehler Law Office
6 S. 2nd St. Ste. 205
Hamilton, OH 454013
Telephone: 513-868-0008
Facsimile: 513-868-2044
Email: richard@koehlerlawoffice.org

Attorney for Doe 605

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
## DIVISION

| | |
|---|---|
| THIRD DEGREE FILMS, INC., a California Corporation, | ) CASE NO. _____ ) |
| Plaintiff, | ) MOTION TO QUASH SUBPOENA |
| vs. | ) SERVED UPON CUSTODIAN OF |
| DOES 1-2010, | ) RECORDS, WIDE OPEN WEST, |
| Defendants. | ) AND MEMORANDUM OF |
| | ) AUTHORITIES |

COMES NOW DOE No. 605 and states as follows:

1. Pursuant to Fed. R. Civ. P. 45(c)(3)(A), DOE 605 files this Motion to Quash Subpoena served upon Custodian of Records, Wide Open West, because the subpoena requires disclosure of protected information and subjects DOE No. 605 to undue burden.

Additionally, the subpoena seeks information that is not relevant given Plaintiff's inability to link DOE 605 to alleged infringing activity.

2. Plaintiff filed suit in the Northern District of California (C.A. No. 5:10-CV-05862 HRL) against 2010 unnamed DOE defendants, who are identified in its Amended Complaint only by internet protocol (IP) addresses. Plaintiff alleges that these DOE defendants have obtained an adult video in violation of Plaintiff's copyrights.

3. DOE No. 605 is a resident of the City of Columbus, Ohio. Wide Open West is an internet service provider (ISP) that provides internet service to its customers, including DOE No. 605. Plaintiff, Third Degree Films, on information and belief, is a producer of adult entertainment films and content. Plaintiff served a subpoena on Custodian of Records, Wide Open West, to compel the disclosure of documents to identify the name, address, telephone number, and e-mail address of DOE No. 605, so DOE No. 605 can be named as a defendant in Plaintiff's copyright infringement action. A true and correct copy of the subpoena is attached as Exhibit A.

4. DOE No. 605 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which DOE No. 605 has personal and proprietary interests. DOE No. 605 also has standing to move to quash the subpoena to protect reputational interests. FED. R. CIV.P. 45(c)(3)(B) allows a person affected by, but not subject to, a subpoena to move to quash the subpoena.

5. According to the docket sheet for Plaintiff's suit, no defendant has been identified, served with process, or answered. The Northern District of California thus lacks personal jurisdiction over any of the DOEs at this point. The Northern District of California also lacks personal jurisdiction over DOE No. 605.

6. Plaintiff filed an ex parte application for "early discovery" (before a Rule 26(f) conference) so that it could serve subpoenas on ISPs, such as Wide Open West, to determine the internet subscriber names, addresses, and e-mail addresses associated with the IP addresses listed in its Amended Complaint. Magistrate Judge Howard Lloyd of the Northern District of California, San Jose Division, entered the order attached hereto as Exhibit B permitting service of subpoenas on ISPs. Judge Lloyd also set a schedule for filing motions to quash either by the ISPs

or the DOEs. See Exhibit B Paragraph 5. This Motion to Quash is timely filed as Wide Open West notified DOE No. 605 of the subpoena on June 13, 2011.

7. The Third Degree Films complaint and ex parte request for expedited discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence – indeed, far from it. In a remarkably similar case in which an adult entertainment content producer also sought expedited discovery to learn the identity of persons associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that, "IP subscribers are not necessarily copyright infringers…The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of Apr. 29, 2011, VPR Internationale v. DOES 1-1017, No. 2:11-cv-02068 (Central District of Illinois) (Judge Harold A. Baker) [hereinafter VPR Internationale Order], attached hereto as Exhibit C. The point so aptly made by Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP address, and the infringing activity. Id. The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP (in the same fashion as Plaintiff seeks to extract such information from Wide Open West.) After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home. The downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers' Wi-Fi connections. Id. This risk of false identification and false accusations through disclosure of identities of internet subscribers is also presented here. Given the nature of the allegations and the material in question, should this Court force Wide Open West to turn over the requested information, DOE No. 605 would suffer a reputational injury.

8. DOE No. 605 resided in a three story residential structure that had been subdivided into various individual sleeping rooms and common areas. DOE No. 605 was the only one of several persons living in the residential structure that had an internet service provider. His

personal computer and internet service connection was maintained in a common lounge area on the third floor of said structure. Any resident in the apartment building had access to said personal computer and had ample opportunity to use DOE No. 605 IP address, for their own purposes, without detection. The likelihood that an individual, other than DOE No. 605, infringed Plaintiff's copyrights is too great to support any correlation between DOE No. 605 and the alleged violation that Plaintiff seeks to prove. Here, the risk of reputational injury to a young man from public exposure and association with the Third Degree Films allegations—even if later disproven—is too great and presents an undue burden to DOE No. 605 under FED. R. CIV. P. 45(c)(3)(A)(iv). See VPR Internationale Order, at 3.

9. If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as DOE No. 605 will face untold reputational injury, harassment, and embarrassment. The reputational risk that Judge Baker found to be an undue burden is equally presented here: "[W]hether you're guilty or not, you look like a suspect." Id. at 3. Moreover, this case presents the same extortion risk that so concerned Judge Baker:

> "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case."

Id. Discovery is not a game. Yet, plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment of being publicly associated with this type of allegation. Id. Such abuse of the discovery process cannot be allowed to continue.

10. Additionally, this subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. *See Syposs v. United States,* 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("the reach of a subpoena issued pursuant to [FED. R. CIV. P. 45] is subject to the general relevancy standard applicable to discovery under [FED. R. CIV. P. 26(b)(1)]."). The information linked to an IP address cannot give you the

identity of the infringer. *VPR Internationale Order*, at 2. Because the infringer could have been anybody with a laptop passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in any way. Id. Moreover, even if the information has some small amount of relevance to the claim—which it does not—discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. FED. R. CIV. P. 26(b)(2)(C)(iii). Plaintiff's request fails that balancing test. Given that DOE No. 605 was only one of many persons who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above, the burden to DOE No. 605 is severe. The lack of relevance on the one hand, measured against the severe burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing test. Id. Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to DOE No. 605 if allowed to proceed. Good cause exists to quash the subpoena served on Wide Open West to compel the disclosure of the name, address, telephone number and e-mail address of DOE No. 605.

11. FOR THESE REASONS, DOE No. 605 requests that this Court quash the subpoena served on Wide Open West in this matter.

DATED: August 3rd, 2011           Respectfully submitted,


                                  By: /s/ Richard Koehler

                                      Richard Koehler
                                      Koehler Law Office
                                      6 S. Second Street, Suite 205
                                      Hamilton, OH  45011
                                      Telephone:  (513) 868-0008
                                      Fax:  (513) 868-2044
                                      richard@koehlerlawoffice.org
                                      Supreme Court of Ohio #0031407
                                      Attorney for DOE No. 605

## CERTIFICATE OF SERVICE

This is to certify that a true, correct and complete copy of the foreging Motion to Quash Subpoena was served vie First Class Mail, postage pre-paid and Electronic Mail, addressed to Plaintiff's counsel of record as follows:

> Ira M. Siegel
> 433 N. Camden Drive, Suite 970
> Beverly Hills, California 90210
> Email: irasiegel@earthlink.net

This 3rd day of August, 2011.

/s/*Richard N. Koehler II*
Richard N. Koehler II