# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | **Sitting Judge if Other than Assigned Judge** | Susan E. Cox |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5281 | **DATE** | 8/24/2011 |
| **CASE TITLE** | Third Degree Films, Inc. vs. Doe 605 | | |

**DOCKET ENTRY TEXT**

Defendant Doe 605's Motion to Quash [1] is denied. Accordingly, the parties need not appear on 8/25/11 at 9:30 a.m. for motion hearing.

■[ For further details see text below.]

Notices mailed by Judge's staff..
*Copy to judge/magistrate judge.

## STATEMENT

Before the Court is a motion by defendant Doe Number 605 ("Doe 605") to quash a subpoena that plaintiff Third Degree Films, Inc. served on third-party Wide Open West. For the reasons set forth below, that motion is denied [dkt. 1].

On December 23, 2010, plaintiff Third Degree Films, Inc. filed suit in the Northern District of California alleging that 2,010 unnamed Doe defendants violated plaintiff's copyrights by reproducing and distributing certain adult films using BitTorrent, an internet-based file sharing system.[1] Plaintiff does not know the identities of the alleged copyright infringers. Instead, plaintiff has a list of 2,010 internet protocol ("IP") addresses and the Internet Service Providers ("ISP") that assigned those IP addresses to their subscribers. On May 31, 2011, the Northern District of California permitted plaintiff to engage in "early discovery" so that plaintiff may attempt to identify the Doe defendants.[2] Plaintiff, therefore, issued subpoenas to the ISPs requesting the names, addresses, telephone numbers, and email addresses of the subscribers that were assigned the IP addresses.

Doe 605 resides in Columbus, Ohio in a three-story residential structure with several other individuals. Doe 605 claims that all of these individuals could have had access to his computer and internet connection. His ISP, Wide Open West, was served with a subpoena in this case, and if Wide Open West complies with the subpoena, one of the IP addresses that allegedly infringed on Third Degree Films' copyright will be associated with Doe 605. Therefore, Doe 605 has filed this motion to quash the subpoena.

A subpoena may be quashed or modified under Rule 45 if compliance subjects a person to undue burden.[3] Here, Doe 605 argues there is undue burden because compliance with the subpoena could cause potential injury to his reputation. For support, DOE 605 relies on *VPR Internationale v. Does 1-1017* from the Central District of Illinois, where Judge Harold Baker denied early discovery in a similar case because, among other reasons, it could cause injury to the unnamed defendants' reputations.[4]

**STATEMENT**

However, that opinion dealt with a slightly different issue - whether to proceed with early discovery. A more persuasive opinion is *First Time Videos, LLC v. DOES 1-5000*, written by Judge Castillo.[5] *First Time Videos* has almost identical facts to the case before the Court and, although Judge Castillo did not directly address an argument related to injury to reputation, Judge Castillo noted that, "courts have consistently held that Internet subscribers do not have a reasonable expectation of privacy in their subscriber information."[6] Furthermore, Judge Castillo concluded that there was limited burden to the unnamed defendants because it was the ISP that had to comply with the subpoena and not the Doe defendants themselves.[7]

Doe 605 also contends that the subpoena is not relevant to the plaintiff's allegations. Doe 605 argues that because anyone could have used Doe 605's computer or internet service connection, identifying him as the subscriber does not advance plaintiff's case. In other words, simply because it is his IP address that may have infringed the copyright, this does not mean Doe 605 himself was the infringer. But as Judge Castillo wrote in *First Time Videos*, "[a] general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit."[8] Moreover, while associating the alleged infringing IP address with the subscriber is not conclusive on liability or without flaw, this does not lead to the conclusion that the information is not relevant under the broad standard set forth in Federal Rule of Civil Procedure 26.[9]

But Doe 605 points to Judge Baker's discussion of an incident where federal agents raided the home of an innocent family on suspicion of child pornography.[10] The agents incorrectly raided the home after an IP address led them there.[11] In fact, the true culprit was a neighbor that had been using the innocent family's IP address through a wireless connection.[12] Here, however, plaintiff only seeks the identity of Doe 605. This is a civil action and there will not be a raid by government agents. We cannot grant the motion based on hyperbolic speculation. Equally speculative and unsupported by evidence is Doe 605's claim that this is a discovery tactic by plaintiff to extort a settlement.

Therefore, Doe 605 has not demonstrated that compliance with the subpoena would result in undue burden to him and the motion to quash is denied [dkt. 1].

---

1. Judge Castillo provides a discussion of the BitTorrent system in *First Time Videos, LLC v. DOES 1-5000,* No. 10 C 6254, 2011 WL 3498227, at *1-2 (N.D. Ill. Aug 9, 2011).

2. Doe 605's mtn to quash, Ex. B, Order Granting Plaintiff Leave to take Early Discovery.

3. Fed. R. Civ P. 45(c)(3)(A)(iv).

4. *See VPR Internationale v. Does 1-1017*, 11-2068, dkt. no. 15 (C.D. Ill. Apr. 29, 2011).

5. 2011 WL 3498227 (N.D. Ill. Aug. 9, 2011).

6. *Id.* at *5.

7. *Id.* at *7.

8. *First Time Videos, Inc.,* 2011 WL 3498227, at * 8 (citing *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1–4,577*, 736 F.Supp.2d 212, 216 (D.D.C.2010).

9. *Diabolic Video Productions, Inc. v. Does 1-2099*, No. 10–CV–5865–PSG, 2011 WL 3100404, at *3 (N.D. Cal. May 31, 2011)(stating that, "[w]hile other courts have rightly noted that the relationship between accused activity linked to an IP address and subscriber information associated with that IP address is imperfect at best, this imperfection does not make it 'clear'. . . that the discovery sought would fail in uncovering the identity of individuals responsible for that activity.").

10. *VPR Internationale v. Does 1-1017*, 11-2068, dkt. no. 15 at 2 (C.D. Ill. Apr. 29, 2011).

11. *Id.*

12. *Id.*